# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1788V
UNPUBLISHED

| | |
|---|---|
| STEVEN PETERSON, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: April 3, 2023 <br><br> Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 1, 2021, Steven Peterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on October 9, 2019. Petition at 1. Petitioner further alleges he received the vaccine in the United States, his symptoms persisted for more than six months, and neither Petitioner nor any other party has ever filed an action, or received compensation in the form of an award or settlement, for Petitioner's vaccine-related injury. Petition at ¶¶ 1, 14-16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 31, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 31, 2023, Respondent filed a proffer on award of

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $170,291.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $170,291.00 (comprised of $152,500.00 in pain and suffering, $11,040.35 in past unreimbursable expenses, and $6,750.65 in past lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STEVEN PETERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-1788 |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 1, 2021, Steven Peterson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barre Syndrome ("GBS") caused by his receipt of an influenza vaccination on October 9, 2019.  Petition at 1.  On August 21, 2022, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) report concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe, and that this case is appropriate for compensation.  ECF No. 21.  On the same date, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 22; ECF No. 23.

**I.   Items of Compensation**

    **A.   Pain and Suffering**

Respondent proffers that petitioner should be awarded $152,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $11,040.35. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

C. <u>Lost Wages</u>

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $6,750.65. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $170,291.00, representing economic and noneconomic damages, in the form of a check payable to petitioner, Steven Peterson.

**III.    Summary of Recommended Payment Following Judgment**

Lump sum award payable to petitioner, Steven Peterson: $170,291.00.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

2

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Martin C. Galvin*
MARTIN C. GALVIN
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3071
Martin.Galvin@usdoj.gov

Dated: March 31, 2023